# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Leoncio Amuia Bald Eagle, | ) | Case No. 1:20-cr-135 |
| | ) | |
| Defendant. | ) | |

The court ordered defendant detained following a detention hearing on August 26, 2020,

opining:

> Having analyzed the 3142(g) factors such as Defendant's criminal history (including
> five assaults and two incidents of domestic violence), pattern of substance abuse
> which is currently not being addressed by treatment, and evidence of violating a
> protection order, the Court finds that there are not presently conditions that would
> assure the safety of community and defendant were he released. However, the Court
> finds that placement at a halfway house would be appropriate and orders Defendant
> placed on the waiting list for a residential reentry center placement. Defendant is
> detained pending further order of the Court.

(Doc. No. 46). The court simultaneously granted defendant a 24-hour furlough so that could undergo

medical procedures he had scheduled on August 27, 2020.  (Doc. No. 44).

On September 4, 2020, defendant filed a motion for reconsideration of the court's detention

order.  He asks the court to reconsider its order and conditionally release him, or in the alternative

schedule another detention hearing.  He asserts that new information has come to light since his

detention hearing on August 26, 2020.  He goes on to advise that he submitted to a chemical

dependency evaluation while in custody, that the evaluator did not make a substance abuse

diagnosis, and that he would agree to wear a "drug patch" should the court find such a condition of

release necessary.  He further advises he will likely need to undergo further medical procedures, that

his present incarceration is jeopardizing his company's ability to conduct business, and that his mother is prepared to appear at a hearing and attest to the suitability of her residence.

The court finds there have been no material change in defendant's circumstances to warrant reconsideration of its detention order or to convene another detention hearing at this time. Defendant's pattern of substance abuse that had not been addressed through treatment was one of several factors the court considered when addressing defendant's custodial status.  The fact that an evaluator did not deem defendant eligible for treatment at her facility is not dispositive and does not negate concerns the court expressed in regards to defendant's history of assaultive behavior, domestic violence, and hindering law enforcement.  It likewise does not negate the concerns expressed by the court about the evidence that defendant has violated protection orders. As for defendant's health and business concerns, the court addressed them at the detention hearing on August 26, 2020.  Defendant should keep the United States Marshal Service apprised of his medical concerns as it is responsible for his health and safety while he is in custody.

Accordingly, defendant's motion for reconsideration and for a hearing (Doc. No. 69) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 10th day of September, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court